UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
ARGENIS SANTOS,                                :
                           Plaintiff,          :
                                               :
              -against-                        :
                                               :
THE CITY OF NEW YORK, "N.Y.C.D.O.C.," et       :
al,                                            :
                           Defendants.         :
-----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 2 1 2012
```

10 Civ. 3159 (JPO)

<u>OPINION AND ORDER</u>

J. PAUL OETKEN, District Judge:

**I. Background**

Plaintiff Argenis Santos commenced this action with a complaint on April 14, 2010. (Dkt. No. 2.) On May 21, 2012, Plaintiff filed an amended complaint. (Dkt. No. 4.) The case was referred to Magistrate Judge Plaintiff Henry B. Pitman on June 2, 2010 for general pretrial management. (Dkt. No. 6.) On January 3, 2011, Magistrate Judge Pitman received from Plaintiff a motion to amend his complaint and a proposed second amended complaint. (Dkt. No. 29 at 3 n.1.) In these three complaints, Plaintiff sought to raise an unlawful segregated confinement claim and a claim concerning deficient medical attention. (Dkt. Nos. 2, 4, 29.)

Defendants filed a motion to dismiss the (first) amended complaint on March 1, 2011. (Dkt. No. 22.) That motion was referred the same day to Magistrate Judge Pitman for a Report and Recommendation. (Dkt. No. 27.) Magistrate Judge Pitman issued a Report and Recommendation (the "R&R") on January 19, 2012, considering all three of Plaintiff's complaints. (Dkt. No. 29.) The R&R recommended that both of Plaintiff's claims be dismissed but also that Plaintiff be granted leave to file a new amended complaint to cure a certain deficiency in his segregated confinement claim. *Id.* at 19. Objections to the R&R were due by February 2, 2012. *Id.* at 20. In a letter dated January 29, 2012, Plaintiff requested an extension

of time to file objections and to file an amended complaint. The Court held a conference with the parties to discuss Plaintiff's requests on February 17, 2012 (with Plaintiff participating by telephone). For the reasons stated on the record at the conference, Plaintiff's request for an extension of time to file objections is denied. The Court adopts the R&R in its entirety.

**II. Legal Standard**

The R&R informed the parties that, pursuant to 28 U.S.C. § 636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), they had fourteen days from service of the R&R to file any objections. (Dkt. No. 29 at 20.) No objections have been filed to the Report, and the time to object has expired.

When no objections are filed to an R&R, a district court need only satisfy itself that there is no "clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee's note; *see also Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Second Circuit has held that failure to file timely objections to a magistrate judge's report and recommendation operates as a waiver of appellate review of the district court's order adopting a magistrate judge's report and recommendation. *See DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

**III. Analysis**

The Court has reviewed the R&R and finds it to be well-reasoned and free of any clear error on the face of the record. The Court thus adopts the R&R in its entirety. Accordingly, both of Plaintiff's claims are dismissed. Plaintiff is granted leave to file a third amended complaint, curing defects in his segregated confinement claim. At this point in the litigation, the Court shall

not collect any fees for this case, nor shall any fees for this case be encumbered by any facility that holds Plaintiff in custody.

The Court certifies, pursuant to 28 U.S.C. § 1951(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

It is hereby

ORDERED that any third amended complaint must be filed by Plaintiff by April 10, 2012.

The Clerk of Court is respectfully directed to close the motion at docket entry number 22.

SO ORDERED.

Dated: New York, New York
       February 21, 2012

                                              _____
                                              J. PAUL OETKEN
                                              United States District Judge

3